UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     vs.<br><br>ALBERT MONTALVO, aka KELVIN MONTALVO,<br><br>          Defendant. | Case No: C 10-3366 SBA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Docket 38 |

The United States brings the instant action, pursuant to 26 U.S.C. §§ 7401 and 7402, seeking to reduce to judgment certain tax assessments and penalties imposed against Defendant Albert Montalvo. The parties are presently before the Court on the United States' Motion for Summary Judgment. Dkt. 38. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion with respect to Defendant's tax liabilities for 1998 and 2000-2003, inclusive, and penalties assessed for 1996, 2001 and 2002. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

On July 30, 2010, the United States filed the instant action to obtain a judgment against Defendant based on income tax assessments for 1998, and 2000-2003, inclusive, and penalties assessed for 1996, 2001 and 2002 for filing frivolous tax returns. The following is a summary of the amounts which the United States alleges is owed by Defendant:

*Table 1*

| TYPE | TAX PERIOD | ASSESSMENT DATE | AMOUNT DUE |
|---|---|---|---|
| Income Tax | 1998 | 05/27/2002 | $239,299.57 |
| Income Tax | 2000 | 06/28/2004 | $17,805.74 |
| Income Tax | 2001 | 06/28/2004 | $5,961.80 |
| Income Tax | 2002 | 05/28/2007 | $81.79 |
| Income Tax | 2003 | 05/28/2007 | $33,009.07 |
| Penalty | 1996 | 04/03/2006 | $650.27 |
| Penalty | 2001 | 12/18/2006 | $634.22 |
| Penalty | 2002 | 01/01/2007 | $613.97 |

Compl. ¶ 7. Defendant concedes liability for the penalties and income tax assessments for all years as alleged, except for the 1998 tax year. Def.'s Response to Partial's Opp'n to Pl.'s Mot. for Summ. J ("Opp'n") at 1.

For the 1998 tax year, Defendant submitted a Form 1040 tax return which reported no income. In his accompanying letter to the Internal Revenue Service ("IRS"), Defendant asserted that as a non-resident alien, he may "elect" to include income from real property as taxable income, but that he "has no proper election in place." Newman Decl. Ex. 22 at 2. The IRS deemed Defendant's tax return frivolous and notified him that it had calculated his tax liability as $150,562.23. Id. Ex. 23.[1] After receiving the notice, Defendant scrawled "Disagree," "no tax liability," and "no taxable source" on the face of the letter and returned it to the IRS. Id. at 2.

---

[1] The IRS notice confirmed that the 1998 income adjustments were derived from: (1) a capital gain in the amount of $83,063;(2) a $17 reduction for self-employment tax, (3) $3,400 for deductions not claimed ($700 + $2,700) on the first tax return, (4) $1,215 of non-employee compensation, and (5) $211,351 for wages ($28,581 from Lockheed Martin and $182,770 from Intel Corporation) . Newman Decl. Ex. 23 at 2; id. Exs. 24a-24B.

In 2006, the Defendant hired a professional tax preparer. Following requests from the IRS, the tax preparer completed federal income tax returns on behalf of Defendant for 1998, 2001, 2002, and 2003. Id. ¶¶ 6, 8-11 & Ex. 26 at 2. Defendant later filed those returns. Id. Exs. 17-20. For the 1998 return, Defendant reviewed the return before signing under penalty of perjury that it was "true, correct, and complete." Id. Ex. 17 at 2. With his 1998 tax return, the Defendant included a letter again claiming that he is a "non-taxpayer" and that he is filing the document under duress. Id. Ex. 17 at 8, 10. Defendant claims he filed the 1998 tax returns to stop forced collections, but he did not contend that the amounts are incorrect. Id. The IRS abated the amount of Defendant's liability for 1998 that had been previously assessed to harmonize it with his now-filed 1998 tax return. Id. Ex. 9 at 5.

The United States now moves for summary judgment with respect to Defendant's income tax assessments for 1998, and 2000-2003, inclusive, and penalties assessed for 1996, 2001 and 2002 for filing frivolous tax returns. In support of its motion, the United States has proffered copies, inter alia, of the pertinent Form 4340 Certificates of Assessments, Payments, and Other Specified Matters, copies of Defendant's tax returns, and documentation from Defendant's employer's regarding his income. In his response, Defendant only disputes the proposed assessment for 1998, claiming that his tax preparer overstated his wages by inadvertently including gains from stock sales in that amount. The United States does not dispute such error, and proposes adjudicating the matter based on the amount of wages which Defendant concedes that he earned for 1998. The matter has been fully briefed and is ripe for adjudication.

## II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 56 provides that a party may move for summary judgment on some or all of the claims or defenses presented in an action. Fed. R. Civ. P. 56(a)(1). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id.; see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The movant bears the initial burden of demonstrating the basis for the motion and identifying the

1  portions of the pleadings, depositions, answers to interrogatories, affidavits, and admissions
2  on file that establish the absence of a triable issue of material fact.  Celotex Corp. v. Catrett,
3  477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c)(1)(A).  If the moving party meets this
4  initial burden, the burden then shifts to the non-moving party to present specific facts
5  showing that there is a genuine issue for trial.  See Celotex, 477 U.S. at 324; Matsushita
6  Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).
7       "On a motion for summary judgment, 'facts must be viewed in the light most
8  favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts.'"
9  Ricci v. DeStefano, 129 S.Ct. 2658, 2677 (2009) (quoting in part Scott v. Harris, 550 U.S.
10 372, 380 (2007)). "Only disputes over facts that might affect the outcome of the suit under
11 the governing law will properly preclude the entry of summary judgment.  Factual disputes
12 that are irrelevant or unnecessary will not be counted."  Anderson, 477 U.S. at 248.  A
13 factual dispute is genuine if it "properly can be resolved in favor of either party." Id. at
14 250.  Accordingly, a genuine issue for trial exists if the non-movant presents evidence from
15 which a reasonable jury, viewing the evidence in the light most favorable to that party,
16 could resolve the material issue in his or her favor.  Id.

17 **III.   DISCUSSION**
18       The United States bears the initial burden of proof in an action to collect taxes.
19 Palmer v. IRS, 116 F.3d 1309, 1312 (9th Cir. 1997).  The United States can satisfy its
20 burden by presenting federal tax assessments (i.e., Form 4340 Certificates of Assessments,
21 Payments, and Other Specified Matters), which are entitled to a presumption of correctness
22 "so long as they are supported by a minimal factual foundation."  Id.  "The presumption
23 shifts the burden of proof to the taxpayers to show that the determination is incorrect."  Id.
24 A certificate of assessment "is probative evidence in and of itself and, in the absence of
25 contrary evidence, [is] sufficient to establish that notices and assessments were properly
26 made."  Hansen v. United States, 7 F.3d 137, 138 (9th Cir.1993) (internal quotation
27 omitted).
28

      Here, the United States has met its initial burden by presenting its assessments against Defendant through the presentation of his tax returns and Form 4340 Certificates of Assessments, Payments, and Other Specified Matters, and information returns from Defendant's employers. Newman Decl. ¶ 2-8, 11 & Exs. 1-20, 24. Defendant's only contention in rebuttal is that his tax preparer made an error in calculating his taxable wages for 1998 in that his taxable wages should have been listed as $169,967, and not $211,351. Def.'s Opp'n at 1-2; Newman Decl. Ex. 17 at 1 (line 7). Specifically, Defendant claims $41,386 of the $211,351 figure is attributable to stock gain reported by Intel Corporation. Def.'s Opp'n at 1-2. He further asserts that the stock gain was separately reported on Schedule D of his tax return, and therefore, was erroneously included as "wages." Id. He does not assert any other error with respect to his 1998 tax return, however.

      As the United States correctly points out, Defendant fails to support his claim of error with any admissible evidence as required by Fed. R. Civ. P. 56(c); Orr v. Bank of Am., 285 F.3d 764, 773 (9th Cir. 2002). Nonetheless, the United States does not dispute that Defendant's 1998 wages on his tax return were overstated, and instead, proposes that the Court grant summary judgment based on Defendant's concession that his wages for 1998 were $169,967. Reply at 3-4. According to the United States, based on a reported income of $169,967, the amount of the judgment for the 1998 tax year should be "$62,108 plus any applicable interest and additions-to-tax under I.R.C. §§ 6621, 6602 and 6651(a) from April 15, 1999, or the date the return was due." Reply at 4. Given the parties' concurrence that Defendant's 1998 tax liability may be calculated based on wages in the amount of $169,967, coupled with the lack of dispute with respect to Defendant's remaining liabilities for unpaid taxes and penalties, the Court finds that Plaintiff is entitled to summary judgment.

## IV. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion for Summary Judgment is GRANTED. Judgment with respect to Defendant's tax liabilities for 2000-2003, inclusive, and penalties assessed for 1996, 2001 and 2002, in the amounts set forth above in Table 1, supra. Judgment also is entered for the 1998 tax year in the amount of $62,108, plus applicable interest and additions-to-tax under 26 U.S.C. §§ 6621, 6602 and 6651(a) since April 15, 1999.

2. The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated:  May 2, 2012

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

USA,

        Plaintiff,

 v.

ALBERT A MONTALVO et al,

        Defendant.
_____/

Case Number: CV10-03366 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 4, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Albert A. Montalvo
3170 Kirkcaldy Street
Pleasanton, CA 94588

Dated: May 4, 2012

                                   Richard W. Wieking, Clerk

                                         By: Lisa Clark, Deputy Clerk